UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                                      Case No.
28 W. 36TH STREET SOLE MEMBER LLC            Chapter 11
        Debtor.
--------------------------------------------------------x

## AFFIDAVIT OF DAVID GOLDWASSER
## IN COMPLIANCE WITH LOCAL RULE 1007-4

David Goldwasser, affirms under penalty of perjury:

1.    **<u>Introduction</u>**:

I am the Vice President of Restructuring of 28 W. 36 Street Sole Member LLC (the "Debtor"), and I submit this affidavit in compliance with the Local Rules of the Bankruptcy Court for the Eastern District of New York. I am fully familiar with the facts set forth herein.

2.    **<u>Debtor's Status</u>**:

The Debtor is filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on December 24, 2024, and I have been actively involved in overseeing and managing the Debtor's financial and operational affairs.  The Debtor is not a small business within the meaning of the Bankruptcy Code 101 (51d).

3.    **<u>Compliance with Local Rule 1007-4</u>**:

In compliance with Local Rule 1007-4 of the Bankruptcy Court for the Eastern District of New York, I submit the following information regarding the Debtor:

    a. **Debtor's Name and Address**:
      28 W. 36th Street Sole Member LLC
      11 Sunrise Plaza, Ste 305
      Valley Stream, NY 11580

    b. **Nature of the Debtor's Business**:

The Debtor is a Delaware limited liability company and is the fee holder of the real

property located at 28 West 36th Street, New York, NY (Block 837 Lot 62) (the

"Premises").  The premises is a 12 story office building comprising approximately 66,550

square feet and is approximately 92.2% leased.

    c. **Location of Asset**s:

    The Debtor's assets are located at:

    28 West 36th Street, New York, NY 10001

d. **Pending Litigation**:

The Debtor is currently involved in the following pending lawsuit:

*LSC WEST 36TH & 39TH ST LLC vs. 28 W. 36TH STREET SOLE MEMBER LLC et al*
Index No. 652669/2024 —— Breach of the Loan Documents, Breach of the Assignment
of Management Agreement against Borrower, Conversion

e. **Secured Deb**t:

The amount owed to secured creditors as of the petition date is disputed but is estimated not

to exceed $52,000,000.

4.    **30-Day Cash Flow Projection**:

The Premises are currently in receivership, and as a result, the Debtor does not have

access to the necessary information to provide details regarding cash flow, accounts receivable,

or accounts payable.

5.    **Factors Leading Up to the Bankruptcy Filing**:

The Debtor is a party to a $52,000,000 loan secured by a mortgage on two properties, one

of which is the premises. Due to the downturn in the commercial office real estate market

following COVID-19 and the rapid increase in interest rates, the property experienced significant

cash flow issues, resulting in the loan falling into default and a reduction in asset value.

Concurrent with the filing of this bankruptcy, the other borrower under the loan, 32 W. 39th Street Sole Member, LLC, will also be filing for bankruptcy protection. Previously, the holding company of the Debtor's membership interests, 28 W. 36 Herald Properties LLC, filed a Chapter 11 petition under Case No. 24-73697.

6.      **Efforts to Restructure**:

The Debtor has engaged in extensive discussions and negotiations over the past several months, in an effort to secure the Lender's commitment to a Restructuring Support Agreement ("RSA"). Unfortunately, the Lender has decided not to move forward with the proposed structure of the RSA.   An order appointing a receiver for the Premises was entered on July 30, 2024. While the receiver has taken control, no foreclosure sale has been initiated. It must be noted that, pursuant to the order appointing the receiver, all sales are required to be conducted in a commercially reasonable manner. However, the receiver has already sold two units without providing notice, which is inconsistent with this mandate. Once the Debtor files its bankruptcy petition, all sales will be conducted in a commercially reasonable manner to ensure the maximum sale price is achieved. The Debtor believes it can manage the Premises more effectively than the receiver and intends to sell the property as part of its restructuring plan through a robust sale process, expected to yield a higher price than a foreclosure auction in state court.

7. **Payroll Information**:

The Premises are currently in receivership, and as a result, the Debtor does not have access to the necessary information to provide details regarding employees, unpaid wages and payroll obligations in the future.

Based on the information provided, the Debtor is in full compliance with all applicable provisions of the Local Rules of the Bankruptcy Court for the Eastern District of New York and is prepared to provide any additional information required by the Court or any interested party.

Dated: December  27, 2024
       Hollywood, Florida
/s/ *David Goldwasser*
_____
David Goldwasser
Vice President of Restructuring
28 W. 36 Herald Properties LLC